UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GONZALES,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. THAM, DEPUTY MAYA, DEPUTY SHAFFER, KINGS COUNTY DEPUTIES,<br><br>        Defendants. | Case No. 1:20-cv-00800-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>FOURTEEN-DAY DEADLINE |

Mark Gonzales is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. (Doc. Nos. 1, 2). Plaintiff acknowledges on the face of his Complaint that he has not exhausted his administrative remedies. (Doc. No. 1 at 3-5). Indeed, Plaintiff admits he is "in process of completing appeal process, I[']m awaiting 2nd level response . . . ." (Doc. No. 1 at 2)

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to

suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93. A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. *Id.* at 218. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Based on the face of the Complaint, Plaintiff did not exhaust his administrative remedies prior to filing this case. Accordingly, within fourteen days of the date of service of this Order, Plaintiff shall show cause in writing why this action should not be dismissed for failure to exhaust his administrative remedies. Plaintiff is warned that if he commenced this action before exhausting his administrative remedies, a dismissal on this basis counts as a strike under 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).[1] Alternatively, Plaintiff may file a notice of voluntarily dismissal under Fed. R. Civ. P. 41 to avoid a strike and may refile a new complaint if he has now fully exhausted his administrative remedies. Failure to respond to this Order will result in the recommendation that this action be dismissed.

Accordingly, it is **ORDERED**:

1. **Within fourteen (14) days of service of this order,** Plaintiff shall show cause why this action should not be dismissed for his failure to exhaust his administrative remedies before

---

[1] Under § 1915(g), prisoners who have brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

filing suit or may file a notice of voluntarily dismissal under Fed. R. Civ. P. 41 to avoid a strike.

    2. Plaintiff's failure to timely to respond to this order will result in the recommendation that this action be dismissed for failure to comply with a court order or prosecute this action.

Dated:   February 23, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE